**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRYAN EDWIN RANSOM,

        Plaintiff - Appellant,

  v.

A. K. SCRIBNER; et al.,

        Defendants - Appellees.

No. 11-16773

D.C. No. 1:06-cv-00208-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

    Bryan Edwin Ransom, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

Warden Scribner acted with deliberate indifference by not requiring the proper

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanitization of barbering tools after use by each inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to Scribner because Ransom failed to raise a genuine dispute of material fact as to whether Scribner knew of any problems concerning the sanitization of barbering tools during the relevant time period. *See id.* at 1057 (prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (to establish a supervisor's liability under § 1983, an inmate must demonstrate that the official "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

The district court did not abuse its discretion by denying Ransom's untimely motion to extend the discovery deadline and for a continuance of summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and continuance requirements); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (district court did not abuse its discretion by denying request to extend discovery deadline because moving party failed to show "good cause" to modify scheduling order).

The district court did not abuse its discretion in denying Ransom's motion for appointment of counsel because Ransom failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Ransom's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Ransom's pending motions are denied.

**AFFIRMED.**